QUESTIONS: 1. Does the provision in s. 120.57, F.S., providing that said section "shall apply in all proceedings in which the substantial interests of a party are determined by an agency" apply to the decision by an appropriate regional planning agency or state land planning agency to appeal the order of any local government as permitted by s. 380.07(2), F.S.? 2. If the answer to question 1 is in the affirmative, shall the "Formal Proceedings" provisions of s. 120.57(1), F.S., or the "Informal Proceedings" provisions of s. 120.57(2), F.S., apply? 3. If the answer to question 1 is in the affirmative, how is an appropriate regional planning agency or the state land planning agency to reconcile the time requirements of s. 120.57(1) and (2), F.S., of the Administrative Procedure Act with the requirements of s.380.07, F.S., of the Environmental Land and Water Management Act?
SUMMARY: The decision, pursuant to s. 380.07(2), F.S., of a regional planning agency to appeal a local development order to the Florida Land and Water Adjudicatory Commission is not within the purview of s. 120.57, F.S., relating to agency decisions which determine the substantial interests of a party. The South Florida Regional Planning Council, hereinafter council, reviews developments of regional impact in Monroe, Dade, Broward, Palm Beach, Martin, and St. Lucie counties. Chapters 163 and 380, F.S. When a local government issues a development of regional impact statement, an administrative appeal may be taken to the Florida Land and Water Adjudicatory Commission [the Governor and Cabinet]. Sections 380.06 and 380.07. Pursuant to s. 380.06(8), the council submits to the local government a report and recommendations on the regional impact of the proposed development. This report or recommendation is not legally binding on the local government but is part of the material considered by the local government prior to issuing an order. Question 1 is answered in the negative and questions 2 and 3 are answered accordingly. Section 120.52(1)(b), F.S., defines agency to include "each . . . regional planning agency . . . including but not limited to those described in chapters . . . 380 . . . ." Thus, the council is brought, by definition, within the purview of Ch. 74-310, Laws of Florida. By s. 3 of Ch. 74-310 [s. 120.72, F.S. (1974 Supp.)], it is abundantly clear that the Legislature intended that this new act be preemptive and replace, with limited exceptions, all other Florida Statutes relating to rulemaking, agency orders, administrative determinations of substantial interests, and judicial review of administrative actions. Attorney General Opinions 075-6 and 075-12. Section 120.57, F.S., applies "in all proceedings, in which the substantial interests of a party are determined by an agency." (Emphasis supplied.) Thus, this section applies only if the agency action taken actually determines the substantial interests of parties. Cf. Town of Palm Beach v. Gradison,296 So.2d 473 (Fla. 1974). The decision of the council to appeal a local development order is not a decision that legally determines the substantial interests of any party. The decision of the Florida Land and Water Adjudicatory Commission is the agency action that determines the substantial interests of the parties. The intent of the Legislature as expressed in s. 3(1), Ch. 74-310, Laws of Florida, is to create uniform administrative procedures which apply to all administrative actions properly within its scope.